FRENCH AMERICAN BANKING
CORP., Plaintiff–Appellant,

v.

FLOTA MERCANTE GRANCOLOMBIA-
NA, S.A., and Fireman's Fund
Insurance Co., Defendants,

Fireman's Fund Insurance
Co., Appellee.

No. 1056, Docket 90–7948.

United States Court of Appeals,
Second Circuit.

Argued Feb. 12, 1991.

Decided Feb. 13, 1991.

Deborah M. Buell, New York City (Edwin B. Mishkin, Jonathan S. Mothner, Cleary, Gottlieb, Steen & Hamilton, New York City, of counsel), for plaintiff-appellant.

Jerome Murray, New York City (Alfred A. D'Agostino, Jr., Gregory V. Bitterman, Robert M. Yellen, D'Amato & Lynch, New York City, of counsel), for appellee.

Before VAN GRAAFEILAND,
WINTER and WALKER, Circuit Judges.

PER CURIAM:

French American Banking Corporation ("FABC") appeals from an order entered in the Southern District dismissing its claim that Fireman's Fund Insurance Company ("Fireman's") was liable under an insurance agreement for losses incurred by FABC as a result of loans made against certain fraudulent bills of lading. We affirm because we agree with the district court that the bills of lading in question were neither "forgeries" nor "counterfeits" and hence that FABC's losses were not covered by the agreement.

In 1982 and 1983, FABC made three separate loans totaling $3,650,000 to Colombian Coffee Company ("CCC"). Each loan was secured by certain ocean bills of lading for coffee shipments, supposedly issued by Flota Mercante Grancolombiana, S.A. ("Flota"), a company that transported goods to and from Colombia. Also on the faith of these bills of lading, FABC refrained from requiring immediate payment

of prior outstanding loans to CCC in the amount of $457,000.

When CCC failed to meet its obligations, FABC presented the bills of lading to Flota and thereupon learned that the bills were invalid. The documents in question were printed on the forms Flota normally used for its bills of lading and bore the stamp of Flota's regular port agent. However, they were signed in illegible script by an unknown person and described coffee shipments that had never taken place.

At all relevant times, FABC was covered by a Bankers Blanket Bond ("the Bond") issued by Fireman's. Insuring Agreement (E) of the Bond insured for "loss resulting directly from the Insured having ... extended credit ... on the faith of ... any ... Document of Title ... which bears a signature ... which is a *Forgery* ... [or] which is a *Counterfeit*." (Emphasis added.) Claiming that this language encompassed the invalid bills of lading, FABC brought this suit against Fireman's seeking to recover its approximately $4 million loan loss.

■ For the reasons stated in *French American Banking Corp. v. Flota Mercante Grancolombiana, S.A.*, 752 F.Supp. 83 (S.D.N.Y.1990), Judge Duffy correctly ruled that the documents in question were neither forgeries nor counterfeits for purposes of the Bond. Insuring Agreement (E) defines "Forgery" as "signing the name of another with intent to deceive." FABC, which bears the burden of proving a forgery, offered no proof that the signer of the documents wrote someone else's name. *Cf. Societe Generale v. Federal Ins. Co.*, 856 F.2d 461, 463 (2d Cir.1988). The parties stipulated that the signatures were illegible and did not represent the name of any person known to the parties. This, of course, left the real possibility that the signatures were by an unauthorized person signing his own name, or simply scribbling no name.

■ Nor did FABC prove that the documents were counterfeits. The Bond defines "Counterfeit" as an "imitation which is intended to deceive and to be taken as an original." We agree with Judge Duffy's

application of *Exchange Nat'l Bank v. Insurance Co. of North America*, 341 F.2d 673 (2d Cir.1965), universally recognized as the controlling case on this issue, to the facts at hand. The bills of lading in question described wholly fictitious transactions for which there existed no genuine bills of lading. Therefore, they cannot be characterized as "attempts to simulate another document or writing which is authentic." *Id.* at 676. *See also William Iselin & Co., Inc. v. Fireman's Fund Ins. Co.*, 117 A.D.2d 86, 501 N.Y.S.2d 846 (1st Dep't 1986), *mod. ctfd. ques. ans.*, 69 N.Y.2d 908, 516 N.Y.S.2d 198, 508 N.E.2d 932 (1987) (nonforged bills of lading reflecting nonexistent transactions were not "counterfeits").

Having found that Judge Duffy correctly dismissed the complaint on the ground that the documents were neither forgeries nor counterfeits, we need not review his alternative ground of disposition that FABC's loss did not result directly from the lack of authenticity of the documents.

The judgment of the district court is affirmed.